## D. RIDLEY v. TRAVIS HENDERSON.

1. LAND, WHEN IT CANNOT BE SOLD PENDING APPEAL.—A judgment ordering the sale of land seized under attachment for debt cannot be enforced pending an appeal prosecuted by claimants of the land who have executed an appeal bond, (under art. 1492, Paschal's Dig.,) when the title to the land was, as between the attaching creditor and claimants, involved in the same suit.

2. SUPERSEDEAS BOND—PRACTICE.—An appeal bond covering costs and damages will suspend, pending appeal, the execution of a judgment

ordering the sale of land, though it may fail to state the inability of appellant to execute a supersedeas bond; though such statement should be made, its omission is at most but an irregularity.

APPEAL from Lamar. Tried below before the Hon. J. C. Easton.

No briefs for appellant have reached the reporters.

*Hale & Scott,* for appellee.

ROBERTS, CHIEF JUSTICE.—This is a proceeding by *man-damus* to compel the district clerk to issue an execution and an order of sale of land upon a judgment rendered in favor of appellee against Shearon for a sum of money, $4,585.95, and condemning a tract of land that had been attached to be sold to pay the same. The land is shown by the judgment to have been claimed by Louisa Hancock, who derived title to it through J. M. and M. Hancock, all of whom were parties to the suit. The judgment also showed that plaintiff, Henderson, claimed a lien by attachment upon the land before the sale of it to Louisa Hancock by J. M. and M. Hancock, and the verdict declares that the transfer was fraudulently made.

Thus it appears that the title to the land was tried in this suit as between the attachment lien of Henderson and the transfer to Louisa Hancock, and adjudged in favor of Henderson and against the Hancocks, from which judgment they appealed, and gave a bond with sureties, approved by the clerk, in the sum of one thousand dollars, conditioned to " pay all costs which have been adjudged against them in the District Court, and also pay all such costs and damages as may be adjudged against them in the Supreme Court on this appeal." Shearon did not appeal nor join in the appeal bond. If the judgment be regarded as a recovery of the land from the Hancocks, which it certainly is, so far as they are concerned as parties to the suit,

as indicated by the judgment, then the bond given by them is substantially in compliance with the appeal bond required by the statute in a case for the recovery of land. (Paschal's Dig., art. 1492.) If it is a judgment that bars them from objecting to the sale of the land, or which would conclude them in setting up their title in another action, then surely it is as to them a recovery of the land as against their claim and title to it.

But regarding it as a judgment in a suit for money and the enforcement of an attachment lien, as it is in reference to the rights and interests of the plaintiff, Henderson, the defendants, Hancocks, if unable to give a *supersedeas* bond, had a right to give a bond for costs and damages only, (under art. 1493, Paschal's Dig.,) which would suspend the judgment as to the land pending the appeal. Such is the effect given to such a bond under that article, according to a decision of this court in the case of Burns *v.* Ledbetter, 42 Tex., 508. The bond given in this case would comply substantially with that article in general terms, except that it is not expressly stated in the bond that the said defendants were not able to give a *supersedeas* bond, which has been held to be the proper mode of identifying the bond as having been given under that article. (Doss *v.* Griswold, 1 Tex., 101; Janes *v.* Langham, 29 Tex., 413.) The statute does not require it to be so expressly stated in the bond, nor does it specify how otherwise that fact of inability is to be made to appear of record, or that it is to appear of record at all. At most, its omission is an irregularity that does not render the bond a nullity, so as to deprive the Supreme Court of jurisdiction in the appeal perfected by such a bond.

We are of opinion, therefore, that the clerk acted correctly in refusing to issue the order for the sale of said land, and that the District Court erred in requiring him to do it in this *mandamus* proceeding.

The clerk had the right to appeal from the judgment

rendered against him, as was held by this court in the case
of Griffin v. Royston, 42 Tex., 566.

REVERSED AND DISMISSED.