## L. Moore et al v. Wm. Muse et al.

1. If the clerk of a court, whether through a mistaken conception of his duty, or the willful disregard of the rights of a party to a suit, refuses to issue any writ or process to which such party is entitled, he may be compelled to do so by motion in the case in which such writ or process should have been issued.

2. The same remedy exists to compel the discharge of any official duty which the clerk may neglect or refuse to discharge, to the injury of a party litigant. A proceeding by motion is the most economical and prompt means of redress to which the injured party can have recourse, and is the most effective means of invoking the punitory power of the court over its derelict and recusant officers.

3. The party injured by a neglect of ministerial duty by the clerk, may also maintain an action for damages thereby sustained; or, he may, by a suit in the nature of a *mandamus*, compel the officer to perform the neglected duty. If the latter remedy be resorted to, the clerk is a necessary party, and often the only proper party, against whom it should be invoked, and though he may have no personal interest in the performance of the act sought to be enforced by *mandamus*, his right of appeal from the judgment rendered against him exists.

4. A clerk who issues a writ of *supersedeas* in a cause pending in error in the Supreme Court, in which the writ of error bond was executed for a sum which was not equal to double the value or amount of the judgment order or decree upon which the writ of error was obtained, acts in plain violation of a positive command laid upon him by the statute, and may be compelled, by *mandamus*, to issue the proper process to enforce the judgment from which the writ of error was prosecuted.

Appeal from Washington. Tried below before the Hon. E. B. Turner.

This was a suit to compel, by *mandamus*, the defendant J. L. Moore, district clerk, to issue an order of sale upon a judgment rendered in the District Court of Washington county, February 5, A. D. 1875, in favor of one Muse *et al.* *v.* Burke, for $1,811.90, gold, with foreclosure of vendors' lien upon two hundred and eighty-nine and two tenths acres of land.

Upon said judgment, an order of sale was issued Novem-

ber 6, 1875. On the 4th of December, 1875, Burke and wife filed their petition for writ of error, to remove the cause to the Supreme Court for revision and correction of errors in said judgment, and filed at the same time an error bond, payable to Muse *et al.*, in the sum of $100 only. Previous to the filing of the petition for writ of error and error bond, on the 5th day of November, A. D. 1875, an order of sale had been issued to the sheriff of Washington county, under said judgment. Upon filing the petition for writ of error and error bond, R. A. Harvin, then clerk of the District Court, issued a *supersedeas*, restraining the sheriff from executing said order of sale, whereupon the sheriff desisted, and returned the order of sale, stating his action, December 6, 1875. On the 23d of May, A. D. 1876, the appellees filed their application for *mandamus*, to compel J. L. Moore, successor of R. A. Harvin, clerk of District Court, to issue execution, under and by virtue of the judgment and foreclosure against Burke and wife.

Moore answered, that he was informed and believed the bond filed was sufficient to perfect the appeal; that the same had been approved by his predecessor, Harvin, upon the approval of which the jurisdiction of the Supreme Court attached; and asked that he might be protected, in any order made therein, from future liability.

Burke and wife demurred generally and specially to plaintiffs' petition for *mandamus*, and answered, alleging that the judgment sought to be enforced was secured by foreclosure on land worth $4,335; that the validity of the lien was not controverted, nor the amount of the judgment, but that the judgment was erroneously rendered, as against the wife, J. L. Burke; that a sale of the said land, pending the appeal, would work great and irreparable loss; and if the said bond was "informal or insufficient," that they be permitted to correct the same, so far as might be necessary.

To these answers, plaintiffs demurred, in the form of a "motion to strike out," and judgment was rendered upon

this motion, and at the same time a peremptory *mandamus* was granted. To this all the defendants excepted, and gave notice of appeal—Moore being the only one who perfected the appeal by giving bond.

The character of the errors assigned is indicated by the opinion.

*P. H.* and *J. T. Swearingen,* for appellant.—If the error bond be insufficient, had the district judge jurisdiction, in a proceeding for *mandamus,* to adjudicate its sufficiency or insufficiency?

First, the bond had been approved by defendant Moore's predecessor, December 4, 1875, in the exercise of his official discretion. It differed from the statutory cost bond required in Paschal's Dig., art. 1493, although it does not contain an express recital that the obligors are unable to give bond in double the amount of the money judgment against them. This omission, in the language of Chief Justice Roberts, "is an irregularity that does not render the bond a nullity." (Ridley *v.* Henderson, 43 Tex., 137.) In this case (Ridley *v.* Henderson) there was a judgment foreclosing attachment lien; the cost bond by which the appeal was perfected, was not given by the party against whom the money judgment was rendered; and so far as the facts are shown in the opinion, the bond was in all essentials like the bond in the case at bar. *Mandamus* was granted, requiring the clerk, Ridley, to issue execution and order of sale. The clerk appealed. Chief Justice Roberts, delivering the opinion of the court, says: "The clerk acted correctly in refusing to issue the order for the sale of the said land, and the District Court erred in requiring him to do it in this *mandamus* proceeding. The clerk had a right to appeal from the judgment rendered against him, as was held by this court, in the case of Royston *v.* Griffin, 42 Tex., 566." (Ridley *v.* Henderson, 43 Tex., 137.) Upon the authority of this case, the defendant Moore acted and appealed, and, we submit, ought to be sustained.

Appellee's counsel seem to attach some importance to the use of the term "*supersedeas*," as it appears in the preamble to the bond.  If the bond is a substantial compliance with article 1493, Paschal's Dig., although it "does not operate as a *supersedeas*—for the party is still entitled to such process as will authorize the sheriff to take possession of the property designated by the statute,—it does suspend the power to sell."  "The order of sale would confer no authority to sell if the bond given was such as the statute prescribed."  (See opinion by Judge Gould, Ledbetter *v.* Burns, 42 Tex., 511.)

We submit that, "appeal perfected," "writ of error perfected," in any of the modes pointed out by statute, are, for all practicable purposes, each being in the fact, a *supersedeas*, in so far as either most assuredly suspends a sale.  (Ledbetter *v.* Burns, 42 Tex., 511; Ridley *v.* Henderson, *supra.*)

*Walton, Green & Hill*, for appellees.—The cases cited by appellant's counsel are not at all applicable, either as authority or in principle.

Ridley *v.* Henderson, 43 Tex., upon which the whole fabric of the appellant's brief turns, was—

(1) An appeal case.  This is a case brought here by writ of error, and a bond executed under one law cannot be made to apply to another.  (Janes *v.* Langham, 29 Tex., 416, 417.)

(2) The bond in that case was sufficient as a cost bond, under Paschal's Dig., art. 1492, and the suit there was for the recovery of title to land; and the Supreme Court had acquired proper jurisdiction, and *supersedeas* was given by force of the law itself.  In this case, not only was the bond insufficient, under the section governing writs of error and *supersedeas*, but the suit was not for the recovery of land. The title of the land was not disputed, and the judgment was only for money and for foreclosure of the vendors' lien.  No *supersedeas* could be brought, except by compliance with the law.  (Paschal's Dig., art. 1495.)

(3) The law under which this bond was given declares that,

unless the bond be for double the amount of the debt., &c., no such writ of error shall operate as a *supersedeas*, nor shall any *supersedeas* issue. The question in the cases cited was concerning the jurisdiction of the District Court to act; and because the District Court did not have jurisdiction to act, in one case, (Ledbetter *v.* Burns, 42 Tex., 509,) the second order of sale, pending the appeal, was held to be void; and in the other case (Ridley *v.* Henderson, 43 Tex., 136) the clerk had the right to appeal. In each case the question turned on the proposition, whether the act of the District Court was void, for want of authority.

But in this case, even if the bond given was sufficient, as a cost bond, under article 1517, or would bring up the record under article 1495, still the statute declared that it should not "operate as a *supersedeas*," nor should the "*supersedeas* issue."

There was no question but that the *supersedeas* issued contrary to the direct provision of law, and was void. The refusal of the clerk to issue the order of sale, on the application of the plaintiffs in the judgment below, rendered him liable to the proceeding by *mandamus*. It was the only proceeding that could have been resorted to, and the judgment of the District Court was strictly within its jurisdiction.

The principle then is, that the clerk of the court has no right of appeal from the order of the district judge, directing him in his ministerial duty, in a case where the clerk is not interested, unless it be that the act of the court so directing him is void, for want of jurisdiction; and in such case he might have continued to refuse to perform the act required without appeal, and, on appeal, he would have been relieved of punishment by the court for contempt. (Holman *v.* The Mayor of Austin, 34 Tex., 669.)

The order must be clearly void, to justify the officer to refuse his obedience; and in this the officer depends on his judgment, and risks the consequences. So, in such case, to avoid the probability of being punished for contempt, the

court, in Ridley *v.* Henderson, allowed the officer to appeal. On no other principle could the appeal be justified.

The case of Royston *v.* Griffin, 42 Tex., 566, cited by the appellant, was a case wherein the clerk was directly interested, as it was a suit for his office, and by no means warrants the general conclusion, that the clerk of the court has the right of appeal from the orders of the court directing him as to his duty.

MOORE, ASSOCIATE JUSTICE.—The clerk is an officer of the court, and in the discharge of his mere ministerial duties in issuing mesne or final process, is subject to its direction and control. And if, in any case, through a mistaken conception of his duty, or willful disregard of the rights of a party to an action, he refuses to issue any writ or process to which such party is justly entitled, he may no doubt be compelled to do so by the court, by a motion in the case to which such writ or process properly belongs. And, if the judgment or order of the court on such motion can be brought to this court for review, either by appeal or writ of error, it can only be done by a party or privy to the suit to which such writ pertains, and whose interest is in some way affected by it, and not by the clerk who is ordered by the court to issue such writ.

And where the clerk neglects or refuses to discharge any of his official duties to the injury of either party to the suit, or obstructs and delays the due course of proceeding in a case, this seems to be the most economical and prompt means of redress to which the party injured can in general have recourse, as well as the most efficacious means of invoking the punitory power of the court over its derelict or recusant officer.

No doubt the party interested in the due performance of such official duty, if he has sustained an injury by such neglect or refusal of the clerk to perform his plainly required ministerial duty, may maintain an action for the damage thus sustained. Or he may, by a suit in the nature of *man-*

*damus,* compel the officer to discharge his duty, and issue the requisite process to which he is entitled. But where this course is resorted to, the clerk is, of course, a necessary party to the action, if, indeed, he is not often the only absolutely essential party against whom it should be brought. And, although he may not be interested in the subject-matter to be affected by the writ or process which he is commanded to issue, it cannot be denied that he is bound by, and hence has an interest in the judgment. And, if a proceeding of this kind is to be regarded as a suit, (Marbury *v.* Madison, 1 Cranch, 137,) the right of appeal cannot be denied him. Appellant has equally as great an interest in this judgment as has any other officer who is required by a peremptory *mandamus* to perform a ministerial act, which is plainly required of him in the proper discharge of his official duties. The right of appeal in such suits by the officers against whom they are prosecuted, although they are in no way interested in the matter or thing which they are commanded to do, has been too often recognized and sanctioned by the action of this court to be now regarded as an open question. We see no reason why a clerk, when made a defendant in a like action, shall be regarded as an exception from the general rule, and he has not been heretofore so treated. (See Ridley *v.* Henderson, 43 Tex., 135.)

There can be no pretense that the writ of error bond upon which the judgment recovered by Muse and others against Burk and wife was brought to this court, is such as is required by the statute, if the writ of error is intended to operate as a *supersedeas.* (Paschal's Dig., art. 1495.) It is true, if the case had been taken up by appeal, and a bond in like amount and penalty had been given, although it would not, accurately speaking, operate as a *supersedeas,* (Paschal's Dig., art. 1491,) yet it would have suspended the enforcement of the judgment, pending the appeal. (Paschal's Dig., art. 1493; Ledbetter *v.* Burns, 42 Tex., 508.) But though we see no good reason why the rule should not be the same, whether the

judgment is brought to this court for review by writ of error or appeal, yet, evidently, no like provision has been made by the Legislature in respect to writs of error, and it is not within our province to do so. The statute says, in plain and positive language: "No such writ of error shall operate as a *supersedeas,* nor shall a *supersedeas* issue with any such writ until the party obtaining the same shall file with the clerk issuing such writ of error, his obligation, with good and sufficient security, to be approved by the clerk, payable to the adverse party, in a sum equal to double the value or amount of the judgment, order, or decree upon which the writ of error is obtained." Unquestionably, therefore, the clerk who took this bond had no authority to issue the writ of *supersedeas;* and it cannot be denied that he did so in plain violation of a plain and positive command laid upon him in the statute. It was also manifest to appellant, from records of his office, that the judgment had not been superseded; and as it had not, it was clearly his duty, when called upon by the plaintiff, to have issued the proper process to carry it into execution.

It follows, that the judgment of the court commanding and requiring appellant to perform this duty, and issue the proper process for the enforcement of its judgment, is correct, and it is therefore affirmed.

AFFIRMED.