W. R. BAKER'S EXECUTORS v. ISA R. DE FREESE.

No. 111.

1. **Parol Gift of Realty.**—W. R. Baker, a man of wealth, in 1882, by parol, gave to the sister of his wife realty in Houston worth $5000, and placed her in possession, and she lived there until Baker's death, he contributing during said time $75 per month to her support. Baker made frequent declarations up to his death that he regarded the property as defendant's, was often at her house, and treated her with great kindness and liberality. Defendant gave up her home in Grimes County and came to Houston to live at the request of Baker, and during her residence on the property made improvements of the value of $2500 upon it. Baker paid the taxes in his own name, rendered it as occupied by a tenant, insured the property himself, and the rental value of the property was a little less than the value of the improvements. The parol donation was sustained.

2. **Parol Sale or Gift — Part Performance.** — What constitutes such part performance of a parol sale or gift of land as will relieve the donee from the operation of that section of the statute of frauds which requires such sale or gift to be evidenced by writing, has long been a vexed question. We hold that when a parol sale or donation is made, and the vendee or donee goes in possession of the land, with the consent of the vendor or donor, and in reliance upon the contract or promise of the vendor or donor, and with his knowledge, and without objection from him, makes permanent and valuable improvements upon the land, and of value in reasonable proportion to that of the premises so improved, and occupies the same as his home, in a suit for specific performance by his donee or vendee the vendor or donor can not set off the rental value of the premises against the improvements; and the vendee or donee, under such circumstances, must be held and treated as the equitable owner of the land, and can not be considered as the tenant of the holder of the legal title.

APPEAL from Harris.    Tried below before Hon. JAMES MASTERSON.

*E. P. Hamblen,* for appellants.—Only when necessary to prevent fraud will equity decree a specific performance of a parol gift of land. If the appellees were compensated for the repairs and improvements they made by the rents, or if such improvements were made by them with money contributed by Mr. Baker, then they have gained by their possession. There is nothing to invoke equity's aid, and the statute must be enforced. Eason v. Eason, 61 Texas, 226; Ann Berta Lodge v. Leverton, 42 Texas, 26; Wooldridge v. Hancock, 70 Texas, 21; Williams v. Morris, 95 U. S., 444.

*Hutcheson, Carrington & Sears,* for appellee. — No question of rental value or of other compensation to appellee for her valuable improvements can properly arise in this case. The gift was distinctly, unequivocally, and unquestionably made to her; she was placed in complete, exclusive, and adverse possession in pursuance of the gift; she made valuable and permanent improvements upon the property on the faith and inducement of the gift; she was induced and allowed by Baker to alter her position

on the faith of this gift, so that she could not be restored to her former condition; she would not have so changed her position, made the improvements, and done what she did do but for this gift; and all this was with the knowledge and concurrence of W. R. Baker. Dugan v. Colville, 8 Texas, 126; Ottenhouse v. Burleson, 11 Texas, 87; Hendricks v. Snediker, 30 Texas, 296; Ann Berta Lodge v. Leverton, 42 Texas, 26; Murphy v. Stell, 43 Texas, 124; Willis v. Matthews, 46 Texas, 478; Willis v. McIntyre, 70 Texas, 42; Wooldridge v. Hancock, 70 Texas, 18; 8 Am. and Eng. Encycl. of Law, 243, note 2; Burleson v. Burleson, 11 Texas, 2; Williams v. Morris, 95 U. S., 444.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit by appellants as the independent executors of the will of W. R. Baker, deceased, of trespass to try title, against Mrs. Isa R. De Freese, for lots 9, 10, and adjacent halves of 11 and 8 in block 277, on the south side of Buffalo Bayou in the city of Houston.

The defendant answered by a plea of not guilty, and that on July 14, 1881, W. R. Baker bought the lots in controversy in his own name, but actually in trust for defendant, and in pursuance of same gave the lots to her, and immediately constructed on the lots for her a dwelling house and other improvements, which he also gave and donated to her, and about October 10, 1882, in pursuance of said purchase and trust, and to perfect the gift, he put defendant in the full and actual possession of the property as her own, and vested the same in her in fee simple forever; and she has ever since that date to the present had and retained the actual, adverse, and exclusive possession of it, with his full knowledge that she was claiming and holding it as her own, and adversely to him; and that on the faith of this gift, and on the faith and belief that the property was hers, she had, after she was put in possession, and during W. R. Baker's life and with his knowledge, made permanent and valuable improvements upon it, at a cost and to the value of $5000, and has for eight years devoted her whole time, care, and attention to the repairing and preservation of the property to the value of $500 per year; that she would not have done this, or improved the property, had she not believed it hers; and that Mr. Baker during his life always recognized the property as hers, and made no claim to it, although he saw her improving it as her own, and knew she so claimed it.

She pleaded estoppel by reason of the facts set up, and prays enforcement of the gift, and to be quieted in her title and possession.

By a supplemental petition, plaintiffs denied the gift, and pleaded that Mr. Baker bought the lots and erected thereon a commodious residence, with all necessary out-houses, fences, etc., all of which he paid for, and that he did so for the purpose of the defendant occupying the same during his pleasure; that he studiously refrained from any act that would

divest him of the title to said property; that he assessed and paid taxes on the same, in his own name, from date of purchase to his death; that he insured the improvements in his own name; that if the defendant placed any improvements on said lots, they were of little value; that the rental value of the property was $40 per month, and far exceeded the value of any improvements; and that during all the time that defendant occupied said premises W. R. Baker gave to her monthly the sum of $150, which more than compensated defendant for the value of any improvements, and for any service rendered by her in preserving and improving the premises.

To this the defendant, by supplemental answer, replied, that if Mr. Baker assessed and paid taxes on the property or insured it, he did so for her. That it was his habit and custom to take charge of the property of his sister and of this defendant, and to assess and insure same in his own name, and his doing so was not for the purpose of claiming it as his own. That in 1879 she was living in Grimes County, in her home, on a small farm, on which she was able to make a support for herself and her minor children; that she was the youngest and only sister of Mrs. Hester E. Baker, the wife of W. R. Baker, and they (Mrs. Baker and W. R. Baker) induced her in 1879 to leave her farm in Grimes County and come to Houston, to be and live near her sister, upon their expressed promise and stipulation that he (Baker) would give and donate her a house and lots for a home in Houston, and would assist her besides to support herself and her children. That he was a man of large wealth, and knowing that it would be no imposition on him, she left her home in Grimes County and moved to Houston, in reliance upon the said promise, which he (Baker) fulfilled, by giving her this property, and by assisting her with money to support herself and her children; that her improvements made upon and her care of the property have greatly enhanced its value, and that it would be now inequitable and unjust to permit Mr. Baker's executors to maintain a claim against her which he himself never thought of asserting; that it would damage her irreparably, and leave her homeless and penniless.

The case was tried by a jury, and a verdict and judgment rendered for the defendant, and the case comes here on appeal from that judgment by plaintiffs in the court below.

From this statement of the nature of the plaintiff's suit, and the answers of the defendant, it will be seen, that the defense relied on is a parol sale or donation, with part performance thereof, from the plaintiffs' testator to the defendant. What constitutes part performance of a parol sale or gift of land, and such as will relieve the purchaser or donee from the operation of that section of the statute of frauds which requires every sale or gift of land to be evidenced by writing, has long been a vexed question.

By many of the most eminent jurists and judges of this country it has

been held, that if the purchaser or donee was placed in possession of the premises by the vendor or donor, or if possession was taken with his knowledge and consent, under an expressed promise from him to convey the property, such naked possession constituted part performance of the contract, and would take the sale or gift out of the operation of the statute, and the purchaser or donee might compel the owner to convey title, by deed, to the property; otherwise, the owner, by repudiating his promise, might subject the occupant of the land to damages for trespass.

By other courts it has been held, that mere possession of the premises is not sufficient to avoid the statute, but that the possession must be coupled with the erection of valuable and permanent improvements upon the property by the vendee or donee.

And still other courts have held, that though possession be taken under a parol contract or promise to convey, and the occupant, relying upon such promise, and with the knowledge and consent of the promisor, makes valuable and permanent improvements upon the land, yet if the rents and profits of the premises exceed the value of the improvements, the vendor or donor can not be compelled to execute his contract.

The Supreme Court of this State, it would seem, has given its assent to this latter doctrine in the cases of Ann Berta Lodge v. Leverton, 42 Texas, 18; Eason v. Eason, 61 Texas, 227; Wooldridge v. Hancock, 70 Texas, 18; and perhaps in others. But in the case of Murphy v. Stell, 43 Texas, 135, the court holds, the same judge delivering the opinion in that case and the opinion in the case of Ann Berta Lodge v. Leverton, that possession, and permanent and valuable improvements, made with the consent of the vendor, and in reliance upon his promise to convey, are sufficient to give title and to enforce specific performance of the parol agreement to convey the land. To permit the donor, says the court, to recover the land from his son, to whom he had given it, after the son, relying upon the promise of the father to convey the land to him, had, with the knowledge and consent of the father, erected permanent and valuable improvements upon the premises, would be to sanction a fraud. Nothing whatever is said in the opinion about the rents and profits of the land during the son's possession.

In the case of Wells et al. v. Davis, 77 Texas, 636, the plaintiff Wells brought suit against the defendant, Mrs. Nellie Davis, to recover a house and two adjoining lots in the city of Sherman. Defendant by her answer averred, that in 1882 W. W. Walker, from whom plaintiff purchased, donated to her the lots in controversy and placed her in possession of same, and that relying on his promise to make her a deed, she had, with his knowledge and without objection from him, placed valuable and permanent improvements on the lots, and that she had occupied the premises as the homestead of herself and family from the date of the alleged donation. Walker, who was a party to this suit, denied that he had made a

gift of the property to defendant; and averred that defendant was indebted to him in large sums of money advanced to her and for her account, and for the rent of the premises; and averred that the rental value of the lots was in excess of the value of the improvements. Upon the trial the evidence showed, that the rents of the premises, from the date of the alleged donation to the date of sale by Walker to Wells, were, as averred by Walker, in excess of the improvements made by the defendant. The jury was charged in accordance with the rule announced in Eason v. Eason, Wooldridge v. Hancock, and Bradley v. Owsley; and verdict and judgment were rendered for defendant; from which the plaintiff appealed, and the judgment was affirmed by the Supreme Court.

Judge Henry, in delivering the opinion of the court, says: "When the owner of land has given it to another, or when he has sold it and the purchase money has been paid, and the vendee or donee has been placed in possession, and has in consequence thereof placed upon the land improvements of a character that a court of equity will estimate as being within themselves of sufficient importance and value to entitle the party to a decree for the specific performance of the contract, the use of the premises from the date of such possession must be treated as going with the equitable right of the property itself. In this case, the amount expended in the improvement of the land, compared to the value of the land itself, can not be treated as unimportant. The circumstances under which the improvements were made must be considered. Possession of the property as a homestead was retained by the donee for several years without objection. Under the terms of the gift, she had assurance that her possession of the property was to be permanent, and that her title to the property was to be made perfect. She was justified in believing that she was its owner, and not a renter. It would be a wrong to her to treat, under such circumstances, improvements placed on the property for the permanent enhancement of its comfort and value as mere offsets against the rents, to be applied whenever the holder of the legal title might see proper to eject her. We think the charge of the court was more favorable to the plaintiff than he had a right to demand, under the circumstances of this case."

Under this state of the decisions of the Supreme Court of this State, this court feels at liberty to reject the rule, which would seem to require that in every case of parol sale or gift of land in which the vendee seeks to recover, upon the ground of possession and permanent and valuable improvements made in reliance upon the promise of the vendor or donor, and with his consent, the rental value of the premises must be set off against the value of the improvements, regardless of their nature and their relative value to that of the land; and to follow a rule, in our opinion, more in consonance with the principles of equity, and

which is more nearly in line with the consensus of judicial opinions of the present day.

We hold, therefore, that when a parol sale or donation is made, and the vendee or donee goes in possession of the land with the consent of the vendor or donor, and in reliance upon the contract or promise of the vendor or donor, and with his knowledge and without objections from him, makes permanent and valuable improvements upon the land, and of value in reasonable proportion to that of the premises so improved, and occupies the same as his home, in a suit for specific performance by his donee or vendee, the vendor or donor can not set off the rental value of the premises against the improvement; and the vendee or donee under such circumstances must be held and treated as the equitable owner of the land, and can not be considered as the tenant of the holder of the legal title.    Wells v. Davis, 77 Texas, 637; Pome. on Spec. Perf., secs. 126–129, and case cited in the notes to said sections; Young v. Denning, 6 Watts, 509.

Applying this rule to the case now under consideration, the judgment must be affirmed.    The evidence establishes conclusively, that the premises were donated to defendant by the plaintiffs' testator in 1882; that she was at that time placed in possession by the donor, and that she had continued to occupy the premises ever since as a home for herself and children; that prior to the year 1879, she was living in Grimes County, upon a small farm owned by her, and that the said Baker, who was the husband of defendant's only sister, and who was much attached to the defendant, persuaded her to abandon her home in Grimes County, and to come to Houston to live, assuring defendant that he would not only give her a home, but would assist her in supporting her children; and that in fulfillment of this promise, the said Baker purchased the lots in question for her in 1881, and in 1882 constructed a comfortable dwelling upon the same, and placed defendant in possession of the same, and donated both the lots and improvements thereon to her; and that the said Baker always afterwards regarded the place as property of defendant, and so declared to many persons on various occasions, and made such declarations within a few days of his death, which occurred in 1890; that after defendant took possession of the property, Baker was often at her house up to the time of his death; that he treated defendant with great kindness and liberality; that being a man of large means, he contributed monthly to the support of herself and children the sum of $75; that believing that she was the owner of the place, defendant, with full knowledge of Baker, and without objection from him, made large improvements upon the place of a permanent and valuable character, and which enhanced both the value and the comfort of the premises; such as raising the lots so as to protect them from overflow, building chimneys and out-houses, improving the sidewalks, and

planting shrubbery and shade trees, besides other and less valuable improvements, as rebuilding the cisterns, repainting the house, and repairing the water mains.

It was also proved, that these improvements were not made with the money given defendant by Baker, but with her own means, and such as were furnished by her sons. The original cost of the lots and the house erected by Baker was shown to be about $5000. The improvements placed upon the premises were estimated to be worth $2500. This estimate was not contradicted, and was the only evidence offered as to the value of the improvements. The plaintiffs offered evidence as to the rental value of the premises. The evidence on this subject, taken most favorably for appellants, shows that the value of the improvements were somewhat in excess of the rents. Plaintiffs also proved, that Baker was a careful and methodical business man, and that the property in litigation was insured by Baker, and was described as " occupied by a tenant;" and further, that it was assessed in the name of Baker, and that the taxes were paid by him.

Under these circumstances it would, in our judgment, inflict a wrong upon the defendant to permit the plaintiffs to recover the lands, and a court of equity could not have rendered a judgment for the plaintiffs. It is therefore unnecessary to consider the assignments of error upon the giving and refusal of charges by the court; it is immaterial what charges were given or what were refused. Eason v. Eason, 61 Texas; Teal v. Terrell, 58 Texas, 257; and Mitchell v. De Witt, 20 Texas, 294.

The judgment is affirmed.

*Affirmed.*

Delivered March 9, 1893.