**Ex parte Thomas P. HUGHES, District Clerk of Tarrant County.**

No. C–6549.

Supreme Court of Texas.

Oct. 12, 1988.

Rehearing Denied Nov. 23, 1988.

George S. Krendell, Grey Pierson, Pierson, Galyen & Baker, Arlington, D. Nicholas Acuff, Acuff & Keis, Fort Worth, for relator.

Rex McEntire, H.G. Wells, Fort Worth, for respondent.

## OPINION

RAY, Justice.

This case involves the authority of a district judge to hold the district clerk in contempt for failing to comply with the judge's order to mail the trial docket to attorneys with cases pending before the district court. Upon assuming his duties as district clerk of Tarrant County, relator, Thomas P. Hughes, discontinued that court's customary practice of mailing copies of the trial docket to attorneys with cases pending before the district courts. On February 5, 1987, Judge John Street, presiding judge of the 352nd District Court, ordered Hughes to: (1) immediately mail out the March 1987 trial docket of the 352nd Court; (2) continue to mail the monthly trial dockets in the future; and, (3) certify his compliance with that order. Hughes gave notice that he would not comply with the order.

Judge Street issued an order directing Hughes to appear and show cause why he should not be punished for contempt of court for disobeying the February order. Hughes then filed a motion to recuse Judge Street from consideration of the contempt charge. Hughes admitted at the hearing that the motion to recuse was actually a motion to disqualify in accordance with article V, section 11 of the Texas Constitution. Judge Street referred this matter to the presiding judge of the administrative region, who assigned a judge of another district court, the Honorable Frank Douthitt, to hear the motion to recuse. After the motion was heard and denied by Judge Douthitt, Judge Street issued another show cause order charging Hughes with constructive and direct contempt.

After a hearing on May 15, 1987, Judge Street held Hughes in contempt for five acts: four past acts and one act regarding Hughes' refusal to certify his intent to comply in the future with the order to mail the trial docket. Hughes was assessed four consecutive sentences of thirty days each in jail, fined $500.00, and ordered confined until he certified his compliance with the order to mail the trial docket to attorneys with cases pending before the court.

Hughes filed a motion for release and motion for determination of guilt before another judge. Judge Street granted Hughes' motion regarding the past acts of contempt, but denied it regarding coercive confinement.

Judge Street had the authority to hold the district clerk in contempt under section 7.001 of the Civil Practice and Remedies Code which provides that a clerk may be punished by contempt for refusing to carry out his official duties. Tex.Civ.Prac. & Rem.Code Ann. 7.001(b) (Vernon 1986). In addition, section 21.002 of the Government Code states that:

(d) An officer of a court who is held in contempt by a trial court shall, on proper motion filed in the offended court, be released on his own personal recognizance pending a determination of his guilt or innocence by a judge of a district court that is not the offended court. The presiding judge of the administrative judicial district in which the alleged contempt occurred shall appoint a judge of a district court other than the offended court to determine the guilt or innocence of the officer of the court.

(e) This section does not affect a court's power to confine a contemner to compel him to obey a court order.[1]

Tex.Gov't Code Ann. § 21.002(d), (e) (Vernon 1988). Under these statutes, Judge Street's order of coercive confinement of Hughes for contempt was valid.[2]

---

1. "The clerk is an officer of the court, and in the discharge of his mere ministerial duties ... is subject to [the court's] direction and control." *Moore v. Muse,* 47 Tex. 210, 215 (1877).

2. Under section 21.002(d), the presiding judge of the administrative region should have appointed a judge of another district to determine Hughes' guilt or innocence on the alleged contempt for

In addition to statutory authority, this court and courts of other states have upheld the inherent power of the district court to punish by contempt for violations of its orders. *See Ex parte Barnett,* 600 S.W.2d. 252, 254 (Tex.1980); *Dahnke v. People,* 168 Ill. 102, 48 N.E. 137 (1897); *see also People ex rel. Rusch v. White,* 334 Ill. 465, 166 N.E. 100 (1929) (a county court was held to have inherent power to punish election judges and clerks for contempt of court and misbehavior of court officers in connection with ministerial duties); Kilgarlin and Ozmun, *Contempt of Court in Texas—What You Shouldn't Say to the Judge,* 38 Baylor L.Rev. 291, 293 (1986).

In the absence of a statewide rule or an approved local rule to the contrary, the trial judge has the authority to order Hughes to mail the trial docket of the 352nd District Court. Section 21.001 of the Texas Government Code provides that:

> A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary and proper in aid of its jurisdiction.

Tex.Gov't Code Ann. § 21.001(a) (Vernon 1988).

Additionally, Texas Rule of Civil Procedure 21a states:

> Every notice required by these rules ... may be served by delivering a copy of the notice . . . to the party . . . or to his attorney of record, either in person or by registered mail to his last known address, or it may be given in such other manner as the court in its discretion may direct.

Under these provisions, Judge Street holds discretionary authority to direct the manner in which notice is given and the district clerk is required, in his ministerial capacity, to carry out the judge's order. The order was "necessary and proper" because it was made in accordance with the Texas Rule of Judicial Administration 7(a)(4) which states that a district judge shall:

utilize to the extent consistent with safeguarding the rights of litigants to the just processing of their causes, methods to expedite the disposition of cases on the docket of the court, including (a) adherence to firm trial dates with strict continuance policies; (b) the use of telephone or mail in lieu of personal appearance by attorneys for ... the setting of trial dates; ...

We hold that Judge Street's order directing the district clerk to mail out the trial docket of the 352nd District Court was "necessary and proper" and was authorized by statutes, the Texas Rules of Judicial Administration and the Texas Rules of Civil Procedure.

It is important that the trial court be vested with such powers as may be reasonably required to perform its judicial functions, protect its dignity and integrity, and make its lawful actions effective. The district clerk has refused to recognize the authority vested in the district judge by the Texas Government Code, the Texas Rules of Civil Procedure, the Texas Civil Practice and Remedies Code, and the Texas Rules of Judicial Administration. Therefore, we hold that Judge Street acted within the scope of his authority in ordering the district clerk to mail the trial docket of the 352nd District Court and properly found Hughes in contempt for failing to comply with that order. We limit our holding to the specific facts in this case: the refusal of the district clerk to comply with the district judge's order to mail the trial docket to attorneys with cases pending before the 352nd District Court. The writ of habeas corpus is denied and we uphold the order that finds relator, Thomas Hughes, in contempt of court. The relator, Thomas Hughes, is remanded to the custody of the sheriff of Tarrant County.

---

refusing to certify his compliance. This statutory right, however, may be waived by a failure

to claim it. Hughes failed to raise any error under section 21.002(d) in this court.