OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

November 10, 2000

The Honorable Bill Hill
Dallas County District Attorney
Administration Building
411 Elm Street
Dallas, Texas 75202

Opinion No. JC-0306

Re: Whether the phrase "judicial officer who collected the fees" used in section 51.921(d) of the Government Code refers to the court clerk who collects time-payment fees (RQ-0254-JC)

Dear Mr. Hill:

Section 51.921(a) of the Government Code authorizes a trial court clerk to collect a time-payment fee from a convicted criminal defendant who opts to delay payment of any fine, court costs, or restitution. *See* TEX. GOV'T CODE ANN. § 51.921(a) (Vernon Supp. 2000). Subsection (d) allocates ten percent of the money collected under subsection (a) to the county or municipal treasury to improve "the efficiency of the administration of justice in the county or municipality." *Id.* § 51.921(d). "The county or municipality shall prioritize the needs of the judicial officer who collected the fees when making expenditures under this subsection." *Id.* You ask whether the term "judicial officer" in subsection (d) refers to the court clerk or to the judge or justice of the court.[1] Because subsection (d) refers to the "judicial officer who collected the fees," *id.*, we conclude that it refers to the court clerk who receives time-payment fees under subsection (a).

In a nutshell, section 51.921 of the Government Code imposes a charge upon a convicted defendant who seeks to delay paying a fine, court costs, or restitution. *See* Tex. Att'y Gen. Op. No. DM-464 (1997) at 2; Tex. Att'y Gen. LO-98-076, at 1. Time-payment fee proceeds "are shared among various organs of government," including the county or municipal treasury. Tex. Att'y Gen. Op. No. DM-464 (1997) at 5. Your question concerns the use of that portion that is allocated to the county's or municipality's general fund to improve judicial efficiency. *See* Request Letter, note 1, at 1.

---

[1]*See* Letter from Honorable Bill Hill, Dallas County District Attorney, to Honorable John Cornyn, Texas Attorney General (June 26, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

Section 51.921 provides:

> (a) In addition to other fees authorized or required by law, the clerk of each district court, statutory county court, justice court, and municipal court shall collect a fee of $25 from a person who:
>
> > (1) has been convicted of a felony or misdemeanor; and
> >
> > (2) pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution.
>
> (b) Court fees under this section shall be collected in the same manner as other fees, fines, or costs in the case. The officer collecting the fees shall keep separate records of the money collected under this section and shall deposit the money in the county or municipal treasury, as appropriate.
>
> . . . .
>
> (d) The custodian of the county or municipal treasury, as appropriate, shall deposit 10 percent of the fees collected under this section in the general fund of the county or municipality for the purpose of improving the efficiency of the administration of justice in the county or municipality. The county or municipality shall prioritize the needs of the judicial officer who collected the fees when making expenditures under this subsection.

TEX. GOV'T CODE ANN. § 51.921 (Vernon Supp. 2000).

The judicial officer referred to in subsection (d) can be only the clerk of court who collects the fee under subsection (a). On its face, section 51.921(d) restricts the scope of the "judicial officer" whose needs must be prioritized to that officer "who collected the fees." The modifying phrase "who collected the fees" refers back to subsection (a), which requires the clerk of a district court, statutory county court, county court, justice court, and municipal court to collect a time-payment fee in certain circumstances. While judges and justices assess time-payment fees, they do not "collect," or gather, them. *See id.* § 311.011(a) (Vernon 1998) (requiring construer to read statutory words consistently with rules of common usage); III OXFORD ENGLISH DICTIONARY 476-77 (2d ed. 1989). Because section 51.921 is clear on its face, we do not examine the section's legislative history. *See* Tex. Att'y Gen. Op. No. JC-0253 (2000) at 4 (citing *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex. 1994)).

It is not unprecedented for the term "judicial officer" to be used to refer to a clerk of court. In a narrow sense, the term may allude only to one who adjudicates "causes between parties or" who "renders decision[s] in a judicial capacity," such as a judge or justice. BLACK'S LAW DICTIONARY 761 (5th ed. 1979); *see also id.* at 851 (7th ed. 1999). But in a broader sense, the term may designate any officer of the court. *See id.* at 851 (7th ed. 1999); *id.* at 761 (5th ed. 1979); BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 321 (1987) (discussing use of "judicial"). A court clerk is an officer of the court. *See* TEX. CONST. art. V, § 20 (including county clerk in judicial department); BLACK'S LAW DICTIONARY 246 (7th ed. 1999) (defining "clerk"); *Stokes v. Aberdeen Ins. Co.*, 917 S.W.2d 267, 268 (Tex. 1996) (per curiam); *Ex parte Hughes*, 759 S.W.2d 118, 119 n.1 (Tex. 1988) (quoting *Moore v. Muse*, 47 Tex. 210, 215 (1877)).

## S U M M A R Y

The "judicial officer who collected the fees" to whom section 51.921(d) of the Government Code refers is the court clerk who collects time-payment fees under section 51.921(a). *See* TEX. GOV'T CODE ANN. § 51.921 (Vernon Supp. 2000).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee