In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00337-CR
_____

IN RE BRETT W. LIGON, MONTGOMERY COUNTY DISTRICT
ATTORNEY, AND BARBARA ADAMICK, MONTGOMERY COUNTY
DISTRICT CLERK

_____

**Original Proceeding**

_____

**MEMORANDUM OPINION**

In a petition for writ of mandamus, Brett W. Ligon, the Montgomery County

District Attorney, and Barbara Adamick, the Montgomery County District Clerk,

ask this Court to order the judge of the 9th District Court of Montgomery County,

Texas, to vacate his order requiring them to disclose to the defense in a criminal

case the address of every person who has been summoned for jury service in

Montgomery County during calendar year 2013. We requested a response from the

real party in interest, Leon Davis. Upon review of the mandamus petition, the

mandamus record, and Davis's response, we conclude the trial court abused its

1

discretion by ordering production of the information at issue. We conditionally grant relators' request for relief.

The indictments filed in case numbers 13-01-00685-CR and 13-05-05517-CR accuse Davis of evading arrest or detention with a motor vehicle and retail theft, and allege that Davis is a habitual criminal. Davis filed a motion challenging the juror summoning process based on racial bias. No hearing has been scheduled for that motion. Davis also filed a motion to produce juror address data. That motion stated that a motion for deposition of witnesses was scheduled for March 27, 2014, but Davis subsequently withdrew the motion and at the beginning of the hearing on the motion to produce juror address data, Davis's counsel stated, "I'm formally withdrawing and abandoning my request to take anyone's deposition." Davis also abandoned his motion to change venue.

At the hearing on Davis's motion to produce juror address data, Davis's counsel stated that the defense believes that a disproportionate number of citizens of African-American descent serve on jury panels for an unknown reason. Davis hypothesizes that the reason is because there is an unidentified defect in the way jurors are summoned. Davis seeks data on the jurors' addresses so that he can compare them with census population data which, he argues, will enable his experts to discern whether the jury summoning process is racially neutral. He is not

challenging the array. On August 4, 2014, the trial court ordered Adamick to produce "the address data of all jurors summoned for jury duty during the calendar year 2013 in electronic form[,]" to two experts retained by the defendant.

This is the second time relators have sought similar mandamus relief in the same criminal case. *See In re Ligon*, No. 09-13-00389-CR, 2013 WL 5658610, at *1 (Tex. App.—Beaumont Oct. 16, 2013, orig. proceeding) (not designated for publication). In the previous proceeding, we held the trial court abused its discretion by ordering relators to disclose information from questionnaires filled out by prospective jurors in cases other than Davis's. *Id.* at *4. We held the questionnaires were confidential. *Id.* at *2; *see also* Tex. Code Crim. Proc. Ann. art. 35.29 (West Supp. 2014); Tex. Gov't Code Ann. § 62.0132 (West 2013). In his response to relators' petition in this new proceeding, Davis argues that the trial court's new order is distinguishable from the order that was at issue in the first mandamus proceeding because this order requires limited disclosure and production of the electronic data from which the juror questionnaires are generated, not the completed questionnaires themselves. *See* Tex. Gov't Code Ann. § 62.0132(g) (describing persons to whom "[t]he information contained in a completed questionnaire may be disclosed[.]"). Davis argues the summoned jurors' addresses are not information collected in the jury selection process. *See* Tex. Code

Crim. Proc. Ann. art. 35.29. Davis argues that Montgomery County's electronic jury selection plan authorizes the trial judge to view the address list that the judge ordered Adamick to produce in electronic form and allows the judge to order that the address list be turned over to the defense's experts. Also, Davis argues that section 62.011(b)(4) of the Texas Government Code and Montgomery County's jury selection plan empower the trial judge to exercise supervisory authority over the District Clerk by ordering her to provide the electronic information to Davis. *See* Tex. Gov't Code Ann. § 62.011(b)(4) (West 2013).

None of these reasons provides a reasonable basis for distinguishing the first mandamus proceeding that arose during the State's prosecution of Davis from the current mandamus proceeding. *See Ligon*, 2013 WL 5658610, at \*\*1-4. This time the trial court ordered Adamick to produce and disclose to Davis the address of every person summoned to jury service for the Montgomery County district courts and county courts at law in 2013. Summoning jurors is part of the jury selection process. *See* Tex. Gov't Code Ann. § 62.001 (West 2013); Tex. Code Crim. Proc. Ann. arts. 33.09 (West 2006), 35.01 (West Supp. 2014). The summoned person's address is required information for the confidential questionnaire. *See* Tex. Gov't Code Ann. § 62.0132(c)(2).

4

Davis argues that each summoned juror's address is not confidential in this context, because the questionnaire itself is not being disclosed. Montgomery County's jury selection plan states that the information retained by the District Clerk's Jury Coordinator is a computer printout of "the specified number of prospective jurors with their name, address, juror number and TDL or voter registration number on front of the summons." This is the confidential information mentioned in section 62.0132 of the Texas Government Code and article 35.29 of the Texas Code of Criminal Procedure. *See* Tex. Gov't Code Ann. § 62.0132; Tex. Code Crim. Proc. Ann. art. 35.29.[1] The jurors' personal information is not transformed from confidential to public information even though under Montgomery County's jury selection plan the District Clerk prints a "summarized jury list containing the names and addresses of all prospective jurors summoned for each date of appearance" and a judge who requested a jury is allowed to see the printout.

Davis argues that the trial judge's order to disclose electronic information about the summoned jurors is within the court's discretion because Montgomery County's jury selection plan requires that the jury coordinator retain a list of the

---

[1]Davis did not argue, in this Court or in the trial court, that he presented good cause for the trial court to order disclosure of personal information about jurors. *See* Tex. Code Crim. Proc. Ann. art. 35.29(b) (West Supp. 2014).

names and addresses of the prospective jurors "to be viewed at the Judge's discretion[,]" but the trial judge has not asked for access to the summarized jury list. Rather, the judge ordered Adamick to produce to the defendant in a criminal case the address data of all persons who were summoned for jury service in Montgomery County in 2013. By requiring Adamick to make a disclosure that is neither required nor provided for by Montgomery County's jury selection plan, the trial judge is not enforcing a non-discretionary duty owed by Adamick in the performance of her official functions under the plan.

Davis argues the trial court has the authority to issue an order to secure petit juror information under the compulsory process clause of the Sixth Amendment. *See* U.S. Const. Amend. VI. The jurors whose information is to be disclosed to Davis have no connection to his case whatsoever. They are people who were summoned to appear for jury service in other cases unrelated to the State's prosecution of Davis.

Without citing any precedent and relying solely on the Sixth Amendment, Davis argues that the trial court has the power to order Adamick to produce juror address data because at the hearing Davis presented evidence "questioning the inclusion of African-Americans in the jury selection process." Several defense attorneys testified that in their experience few African-Americans appear on

venires in Montgomery County. The jury system supervisor for the District Clerk's office testified that jury summonses are generated from an electronic file of names and addresses. He could not isolate and produce an electronic data file of the jurors who were summoned in 2013, although it is possible that the county IT department could.

Karl Eschbach, a demographer who has been retained by Davis, testified that having the juror's addresses would enable him to geo-code the data with geographic counts of racial populations and perform a statistical analysis of whether the jury summonses were consistent with the representation of African-Americans in the county. Dr. Eschbach had no information regarding driver's licenses or voter registrations, and would simply determine whether there was a statistically equivalent representation or gross under-representation of "African-American residential areas" in the areas where summonses were sent. The work he would perform with the data would help identify "whether there was an issue that needed to be addressed."

A defendant has a right to compulsory process only for obtaining evidence that is both material and favorable to the defense. *Coleman v. State*, 966 S.W.2d 525, 527-28 (Tex. Crim. App. 1998) The requested data would make it possible to discover if areas that have high concentrations of African-Americans are

7

statistically underrepresented in jury summonses, but Davis presented no evidence that jury summonses are produced in any manner other than by randomized selection from driver's licenses and voter registrations obtained from the Secretary of State, and in his response to the mandamus petition, Davis concedes the selection results from a computer program approved under the statute that allows an electronic method of jury selection. *See* Tex. Gov't Code Ann. § 62.011. The evidentiary value of the information that the trial court ordered Adamick to produce and disclose to the defense is entirely speculative. Absent a showing that the jurors' personal information would be both material and favorable to him, the compulsory process clause does not require that the information be produced. *See Coleman*, 966 S.W.2d at 528.

In a criminal case, a relator may establish an entitlement to mandamus relief by showing a clear right to relief and the lack of an adequate remedy at law. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). "A clear right to relief is shown when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources) and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (quoting *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex.

8

Crim. App. 2011)). A trial court has a "ministerial duty" to vacate an order which it lacked the authority to issue. *See State ex rel. Thomas v. Banner*, 724 S.W.2d 81, 83 (Tex. Crim. App. 1987). Mandamus relief is appropriate when the trial court issues a discovery order that is beyond the scope of its authority. *See In re State ex. rel. Robinson*, 116 S.W.3d 115, 117-18 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding); *In re State ex. rel. Wade v. Stephens*, 724 S.W.2d 141, 143-44 (Tex. App.—Dallas 1987, orig. proceeding).

The State cannot pursue a pre-trial appeal of the trial court's order. *See* Tex. Code Crim. Proc. Ann. art. 44.01 (West Supp. 2014). Davis argues that Adamick may present a complaint regarding the trial judge's order with the county's Board of District Judges and the Commissioner's Court, and contends that a complaint to those bodies provides an adequate remedy at law. The trial court signed an order in a criminal case, and by virtue of that command, Adamick must obey or face possible contempt proceedings. *See Ex parte Hughes*, 759 S.W.2d 118, 120 (Tex. 1988). If the trial judge exceeded his authority in making that order in a criminal case, it is this Court, not the Board of Judges or the Commissioner's Court, with the jurisdiction to order the judge to vacate that order. *See* Tex. Gov't Code Ann. § 22.221(b) (West 2004). Relators have established that they lack an adequate remedy at law.

9

The trial court abused its discretion when it required the Montgomery County District Clerk to produce and disclose confidential personal information without an adequate showing that the information is material and favorable to the defense. We conditionally grant relators' petition for writ of mandamus and direct the trial court to vacate its order requiring disclosure of the address of every person who has been summoned for jury service in Montgomery County during calendar year 2013. Because we are confident the trial court will vacate its order, the writ shall issue only if the trial court fails to act within a reasonable time.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on September 4, 2014
Opinion Delivered October 8, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.