Ana B. RODRIGUEZ, Petitioner,

v.

AMERICAN HOME ASSURANCE COMPANY, Respondent.

No. C–6238.

Supreme Court of Texas.

June 17, 1987.

Rehearing Denied Sept. 16, 1987.

W. Burl Brock and Catherine M. Stone, Watkins, Mireles, Brock & Barrientos, San Antonio, for petitioner.

John Milano, Jr., Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, for respondent.

KILGARLIN, Justice.

This case involves the proof needed to set aside a compromise settlement agreement in a workers' compensation case. Ana B. Rodriguez was injured in the course and scope of her employment at the Del Monte Corporation in Crystal City, Texas. Believing that she had suffered only a back sprain, she entered into a compromise settlement agreement with Del Monte's workers' compensation insurance carrier, American Home Assurance Company, for $3,600 and two years of future medical expenses. After settlement, a myelogram was performed revealing that Rodriguez had suffered a herniated interverbral disc. After surgery for removal of the lower back disc,

she was left with a permanent partial disability.

Rodriguez then brought suit to set aside the settlement agreement. After a jury trial, judgment was rendered setting aside the agreement and requiring that Rodriguez's compensation claim be returned to the Industrial Accident Board for further proceedings. The court of appeals, in an unpublished opinion, reversed the trial court judgment and rendered judgment for American Home Assurance Company. We reverse the court of appeals' judgment and remand this cause to that court.

■ In order to set aside a compromise settlement agreement, a worker must show that misrepresentations concerning his or her injuries were made by the employer or compensation carrier; that the worker relied on those misrepresentations in making the settlement; and that there was a meritorious claim for more compensation than had been paid. *Brannon v. Pacific Employers Insurance Co.*, 148 Tex. 289, 293, 224 S.W.2d 466, 468 (1949).

Rodriguez's position is that she relied upon the diagnoses of two medical doctors, Luis Gonzalez-Rios and Coyle Williams, in settling her compensation claim. Rodriguez visited Dr. Gonzalez-Rios on the suggestion of her attorney, Sid Cowan. After consultation and testing, Dr. Gonzalez-Rios reported to Cowan and American Home's adjuster that Rodriguez had only a low back sprain. Dr. Williams, the physician chosen by American Home, examined Rodriguez and confirmed the earlier diagnosis. In reversing the trial court's judgment, the court of appeals found that Rodriguez had not proved that she relied upon a representation made to her by American Home's agent. In this connection, the court of appeals found that there was no evidence that Dr. Gonzalez-Rios was the insurance carrier's agent. While Dr. Williams was American Home's agent, the court found there to be no evidence of Rodriguez's reliance upon his representations.

In considering the court of appeals' decision as to agency, representation, and reliance, we view the evidence in a light most favorable to the jury's findings. *Jones v.*

*DRG Financial Corp.*, 722 S.W.2d 402 (Tex.1987). We begin our analysis with the court of appeals' holding that there was no evidence that Dr. Gonzalez-Rios was American Home's agent. There are several ways for a doctor to become a carrier or employer's agent. One way for an agency relationship to come about is if the carrier or employer recommends the physician. *Graves v. Hartford Accident and Indemnity Co.*, 138 Tex. 589, 595, 161 S.W.2d 464, 467 (1942). Since the evidence shows that Rodriguez chose Dr. Gonzalez-Rios, there could be no agency created in this manner. Another way that a physician can become an agent, however, is if the doctor's reports are used by the carrier or employer in reaching the settlement. *Mackintosh v. Texas Employers Insurance Agency*, 486 S.W.2d 148 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.). In this case, there is more than a scintilla of evidence that American Home utilized Dr. Gonzalez-Rios' reports in reaching the settlement.

■ Lynn Houston, an adjuster for American Home, testified that she determined that Rodriguez had only a back sprain after reviewing all of the submitted medical reports, including the narrative from Dr. Gonzalez-Rios. According to her testimony, Houston forwarded Dr. Gonzalez-Rios' reports to an Austin attorney who was expected to rely on those reports in evaluating the claim and working out a settlement with Rodriguez. The Austin attorney representing the carrier, Katie Flahive, testified that while she did not remember Rodriguez's settlement (all of Flahive's records of the settlement were destroyed in the normal course of her business), she assumed that Dr. Gonzalez-Rios' reports had been in her file during negotiation and settlement. Based upon this evidence, the jury was entitled to find that American Home made Dr. Gonzalez-Rios its agent by utilizing his reports. American Home did not dispute that Rodriguez relied upon Dr. Gonzalez-Rios' diagnosis in settling her claim.

■ We also find that there is some evidence supporting the jury's findings that the physician recommended by American

Home made representations relied upon by Rodriguez. The jury found that Dr. Williams represented that Rodriguez had only a back sprain; that surgery was not needed; and that she would be able to return to work. The evidence shows that following his examination of her, Dr. Williams dictated two narrative reports confirming a back sprain and indicating that Rodriguez's condition would improve to the point that she would be able to work again. Both reports carry a notation showing that copies were sent to "attorney Cowan," the attorney representing Rodriguez. Rodriguez's own testimony was that Dr. Williams communicated to her that she had only a back sprain. The evidence thus shows representations made by Dr. Williams on at least three separate occasions and is more than a scintilla supporting the jury findings.

The final question is whether there was any evidence that would support a jury finding that Rodriguez relied upon Dr. Williams' representations. We hold that there was. Rodriguez testified that she was under the impression that Dr. Williams had released her to return to work. She further testified that she made the decision to accept the settlement because she was told that "the doctors" were under the impression that, other than the sprain, there was nothing wrong with her back. Rodriguez's testimony was that her understanding about the back sprain came from statements made by Drs. Williams and Gonzalez-Rios. Based upon this testimony, we conclude that there was some evidence that Rodriguez relied upon the carrier's agents when she agreed to settle her claim.

We hold that the court of appeals erred in reversing the jury verdict on no evidence grounds. We reverse the judgment of the court of appeals and remand this cause to that court for consideration of factual insufficiency points under the guidelines set out in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986).