**AMERICAN GENERAL FIRE AND CASUALTY COMPANY, Relator,**

v.

**The Honorable Michael D. SCHATT-MAN, Judge, 348th District Court, Tarrant County, Texas, Respondent.**

No. 2–88–210–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 8, 1988.

Strasburger & Price, and Michelle D. Chadwick, and Mark . M. Donheiser, G. Laird Morgan, Dallas, for relator.

Kugle, Stewart, Dent & Frederick and Dwain Dent, Fort Worth, for real party in interest, Willie Mae Thompson.

Before FENDER, C.J., and KELTNER and LATTIMORE, JJ.

## OPINION

KELTNER, Justice.

The issue in this mandamus proceeding is whether the trial court had jurisdiction to grant an order to reinstate a case 254 days after it had been dismissed for want of prosecution. While we hold the trial court did not have jurisdiction to reinstate, the issue is complicated because the record reflects that no notice of the dismissal was given to the plaintiff until 234 days after judgment was entered.

The real party in interest, Willie Mae Thompson, brought an action to set aside a worker's compensation settlement agreement against the relator, American General Fire and Casualty Company. On June 5, 1987, the case was posted on the trial court's dismissal docket pursuant to TEX. R.CIV.P. 165a. The docket stated the case

would be dismissed on January 25, 1988, unless it was tried, settled, or otherwise disposed of before that date. The docket also provided if the case was set for trial and if after an announcement of "ready," the case was not reached by the court, then the clerk, when notified, would remove the case from the dismissal docket.

An evidentiary hearing was held on the motion to reinstate. Thompson's attorney testified that his office had contacted the court and received assurances that the case would be removed from the dismissal docket and would not be dismissed on January 25, 1988. Thompson's attorney also testified that he did not receive a copy or any notice of the final judgment that was entered on January 25, 1988.

Instead, the first notice that Thompson received was on September 15, 1988. Shortly before, Thompson had sent discovery materials to American General through its attorney of record. American General's attorney responded with a telephone call reporting that the case had been dismissed in January.

At the hearing on the motion to reinstate, the trial judge stated that he had been advised by his clerk that the testimony of Thompson's attorney was, "in all probability correct." The court also noted that he could find no record that any notice was sent to Thompson regarding the dismissal and hypothecated that the reason might be the Tarrant County district clerk's refusal to mail a general docket to all lawyers with cases pending before the Tarrant County trial courts. In this regard, we note the Tarrant County district clerk did refuse to mail general dockets for the Tarrant County civil district courts for a period of time. His refusal has been the subject of other litigation and is chronicled in *Ex parte Thomas P. Hughes, District Clerk,* 759 S.W.2d 118 (Tex.1988). Neither the testimony of Thompson's lawyer nor the comments of the judge were controverted by American General.

■ The Texas Rules of Civil Procedure provide that the clerk of the court must immediately give notice to the parties or their attorneys of record, by first class mail, of the signing of a judgment. TEX. R.CIV.P. 306a(3); 165a(1). Nonetheless, the same rules provide that failure to give notice does not affect the time periods for filing post-judgment motions as provided in Rule 306a(1) and (4).

Rule 306a(1) provides that the date the judgment is signed is the beginning of the period prescribed by the rules of procedure to file post-trial motions and enter post-trial orders. Rule 165a(3) provides that a motion to reinstate a case which has been dismissed for want of prosecution must be filed with the clerk within thirty days after the order of dismissal is signed or within the time period provided by Rule 306a. Rule 306a(4) grants a grace period if a party, adversely affected by the judgment, does not receive notice of the judgment within twenty days after it is signed. In such instances, the time period for filing post-trial motions begins on the date the party received notice of the signing, but in no event will extend the beginning of the period past ninety days after the judgment was signed.

As a result, the latest date that Thompson could have timely filed a motion to reinstate was May 24, 1988 or 120 days after the judgment was signed. After that time, the trial court had a seventy-five day period of plenary power in which it could grant a motion to reinstate. That period expired on August 7, 1988. The motion was granted on September 26, 1988.

■ American General contends that the trial court did not have jurisdiction to grant the motion to reinstate because its plenary jurisdiction over the case expired on August 7, 1988. Thompson concedes the trial court did not have jurisdiction to grant the motion to reinstate under Rules 165a and 306a. Nonetheless, Thompson maintains that recent decisions by the United States Supreme Court and the Texas Supreme Court raise constitutional issues under the United States and Texas constitutions that vest the trial court with power to grant the motion to reinstate. *Peralta v. Heights Medical Center, Inc.,* —— U.S. ——, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Lopez v. Lopez,* 757 S.W.2d 721 (Tex.1988).

In *Peralta*, the appellant sought to set aside a Texas default judgment by bill of review on the basis that he was not served. The record reflected that Peralta did not receive personal service, and the return of citation showed defective service. The Texas bill of review procedure requires that a petitioner prove: (1) a meritorious defense to the action in which the judgment was entered; (2) the petitioner was prevented from proving the defense by fraud, accident, or wrongful act of the opposing party; and (3) there was no fault or negligence on the petitioner's part. *Id.* 108 S.Ct. at 897–98. Peralta did not attempt to prove he had a meritorious defense, and conceded that he had no defense to the action. The trial judge granted a summary judgment which was upheld in the Texas appellate courts. *Id.* at 898. The United States Supreme Court held the due process clause of the fourteenth amendment requires that any judgment against a citizen must be supported by proper notice of the lawsuit. *Id.* at 900. As a result, the supreme court held that the requirement of proving a meritorious defense, in order to reverse a judgment in a suit in which there was no citation issued to the defendant, violated Peralta's right to due process.

Thereafter, the Texas Supreme Court applied *Peralta* in *Lopez*, 757 S.W.2d at 723. The issue presented in *Lopez* was whether a defendant, who is not notified of a trial setting and consequently does not appear, must nevertheless set up a meritorious defense in order to obtain a new trial. The Texas Supreme Court held that Lopez was not required to show that he had a meritorious defense, relying on *Peralta*. *Id.* at 723.

Thompson argues that the time limits in Rules 165a and 306a which set finite times to seek a new trial, regardless of whether notice of the judgment is given, are a violation of due process under the Texas and United States constitutions. While we share the trial court's concern regarding the basic unfairness of limiting the time to file a motion for new trial, regardless whether notice of the judgment is given, we disagree that the rules are constitutionally infirm as they were applied in this case.

We reach this decision for a number of reasons. First, the lack of notice in this case is not the same as the absence of notice addressed in *Peralta* and *Lopez*. In *Peralta*, the record revealed there was no personal service on the defendant. As a result, the defendant lacked notice that a lawsuit was pending against him and therefore was not accorded the opportunity to appear and defend himself. *Peralta*, 108 S.Ct. at 897–98. In *Lopez*, the defendant's counsel was permitted to withdraw eighteen months prior to trial. Thereafter, the defendant was not given actual or constructive notice of the trial setting. As a result, Lopez was not given the opportunity for a fair trial.

In the instant case, Thompson initiated the lawsuit and her attorney was served with a copy of American General's answer. Thompson's attorney admitted receiving a copy of the dismissal docket, indicating the case would be dismissed on January 25, 1988.

Texas courts have long held that an attorney has a duty to exercise due diligence by making reasonable inquiries regarding the status of pending litigation. *Melton v. Ryander*, 727 S.W.2d 299, 302 (Tex.App.—Dallas 1987, writ ref'd n.r.e.); *Conrad v. Orellana*, 661 S.W.2d 309, 313 (Tex.App.—Corpus Christi 1983, no writ). We do not pass on the question of whether Thompson and her attorney used due diligence in following the case. That is a question of fact for the fact finder. However, we hold the lack of notice under these circumstances is less egregious than lack of notice in *Peralta* and *Lopez*.

Second, and most importantly, Thompson is not without a remedy. After a judgment becomes final, a bill of review is an appropriate remedy to set aside the judgment. *Schwartz v. Jefferson*, 520 S.W.2d 881, 889 (Tex.1975). A bill of review is a separate suit, filed under a different cause number in the same court, with service on all parties affected by the original judgment. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979).

■ While the judgment has become final pursuant to Rules 165a and 306a, Texas law permits the judgment to be attacked in a bill of review procedure to prevent unjustness. *Id.*

In our opinion, *Peralta, Lopez,* and other cases have radically changed the requirements for bill of review practice. Formerly, a movant in a bill of review case had to prove that it had: (1) a meritorious defense to the action in which the judgment had been entered, (2) that the petitioner was prevented from proving his defense by fraud, accident, or wrongful act of the opponent, and (3) there had been no fault or negligence on petitioner's part.

■ The movant in bill of review cases is now relieved of proving some of the elements under some circumstances. For example, if the movant demonstrates it relied on erroneous information of an officer of the court, that prevented it from filing an answer or motion for new trial, the movant is relieved of proving the extrinsic fraud element. *Baker v. Goldsmith,* 582 S.W.2d at 407; *Hanks v. Rosser,* 378 S.W.2d 31, 34 (Tex.1964). In some instances, a movant is relieved from proving extrinsic fraud if it can demonstrate that notice of a judgment was not mailed as required by Rule 306a. *Peralta v. Heights Medical Center, Inc.,* 715 S.W.2d 721, 722 (Tex.App.—Houston [1st Dist.] 1986), *rev'd on other grounds,* —— U.S. ——, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Edgin v. Blasi,* 706 S.W.2d 353, 354 (Tex.App.—Fort Worth 1986, no writ).

■ As discussed above, the movant need not prove a meritorious defense if it can demonstrate it did not receive proper notice of the judgment. *Peralta,* 108 S.Ct. at 900.

Therefore, we hold the trial court did not have jurisdiction to grant the motion to reinstate after the time periods of Rules 165a and 306a had run. Nonetheless, Thompson has another remedy through bill of review.

Additionally, Thompson argues that the provisions of Rules 165a and 306a violate the open courts provision of the Texas constitution. TEX. CONST. art. I, sec. 13.

Thompson did not plead this issue, but raised the issue during her lawyer's final summation on the motion to reinstate hearing. The judge specifically relied upon the open courts provision in granting the motion to reinstate, so we will consider the argument on appeal.

■ Under Texas law, there is a presumption that acts of the legislature are constitutional, and the burden is on the party attacking the act to prove that it is unconstitutional. *Texas Public Bldg. Authority v. Mattox,* 686 S.W.2d 924, 927 (Tex.1985). The same rules should apply to rules of civil procedure adopted by the Texas Supreme Court.

■ The open courts provision of the Texas constitution provides:

All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

TEX. CONST. art. I, sec. 13.

The Texas Supreme Court has recognized a two-part test used in determining whether a statute violates the open courts provision. Specifically, the supreme court stated:

First, it must be shown that the litigant has a cognizable common law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute.

*Lucas v. United States of America,* 757 S.W.2d 687, 690 (Tex.1988); *quoting, Sax v. Votteler,* 648 S.W.2d 661, 666 (1983).

As a result, we must first determine whether a cognizable common law cause of action is being restricted. Thompson's suit to set aside the compromise settlement agreement is based on fraud. This is clearly a common law cause of action. *Rodriguez v. American Home Assur. Co.,* 735 S.W.2d 241, 242 (Tex.1987).

Next, we must determine whether this cause of action was restricted. It is obvious that Thompson was not prevented from filing her cause of action or seeking recovery. Instead, the trial court dismissed the

cause of action after it had laid dormant since its filing. For the purposes of argument, we will assume that the cause of action was restricted.

The second requirement is the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose or basis of the rules. Obviously, the purpose of the time limits in Rules 306a(4) and 165a is to lend finality to judgments. *Baker v. Goldsmith,* 582 S.W.2d at 409.

In determining whether the restriction is unreasonable or arbitrary, when balanced against the purpose or basis of the rule, we must make a number of inquiries. First, in determining whether a restriction is unreasonable or arbitrary, Texas courts have considered whether there is an alternative to obtain redress for injuries. *Lucas,* 757 S.W.2d at 690; *Sax,* 648 S.W.2d at 667. We hold there is an alternative available for Thompson to obtain redress for her injuries. As stated above, a bill of review procedure is available for review of judgments that have become final. *Baker,* 582 S.W.2d at 409.

Second, we must determine whether the time restrictions in Rules 306a and 165a are unreasonable or arbitrary when balanced against the State's interest in finality of judgments.

The State has a compelling reason for according finality to judgments. Litigants should be entitled to rely on the finality of a judgment once the trial court loses plenary power to alter it. Otherwise, there would be no definite end to litigation and judgments could be attacked years after their entry. As stated by an unanimous Texas Supreme Court in 1977, "once a judgment has become final, it must be accorded a measure of respect or litigation would tend to become endless." *Baker,* 582 S.W.2d at 409.

The importance of finality has been emphasized by Texas courts. In a 1986 landmark case, the supreme court held that judicial policy required that judgments become final for res judicata, collateral estoppel, and issue preclusion purposes, once the trial court lost plenary power, regardless of whether the judgment is appealed.

*Scurlock Oil Co. v. Smithwick,* 724 S.W.2d 1, 6 (Tex.1986). The importance of finality was recently reaffirmed by the supreme court in *Street v. Second Court of Appeals,* 756 S.W.2d 299, 301 (Tex.1988). In *Street,* the supreme court held that a Stowers case could proceed to trial despite the fact that the underlying judgment had been appealed. *Id.* at 300.

Third, we must consider the burden of the time periods on a litigant who did not receive knowledge of the judgment versus the benefit to society of the finality of judgment. The practical effect of the time periods in Rules 165a and 306a is to grant a litigant up to 120 days to learn the status of a pending lawsuit. If a litigant fails to apprise itself of the status during such a time period, it runs the risk that the lawsuit will have been dismissed by motion or judgment without its knowledge. In our opinion, this is not an oppressive burden on a litigant compared with the benefit to society of the finality of judgments. Therefore, we hold that the time periods in Rules 165a and 306a do not violate the open courts provision of the Texas constitution.

In conclusion, we hold the trial court did not have jurisdiction to reinstate a cause of action 254 days after it had been dismissed. As a result, we grant the writ of mandamus and set aside the order of reinstatement of October 3, 1988.