Bruce RAULSTON, Appellant,

v.

PROGRESSIVE INSURANCE COMPA-
NY, Progressive Northern Insurance
Company, Progressive County Mutual
Insurance Company, and Progressive
Insurance Center, Appellees.

No. 05–03–01238–CV.

Court of Appeals of Texas,
Dallas.

Sept. 23, 2003.

Bruce W. Raulston, Dallas, Appellant
pro se.

Rick Burn, Dallas, for Appellees.

Before Justices MOSELEY, RICHTER,
and FRANCIS.

## OPINION

PER CURIAM.

On August 19, 2003, appellant's notice of appeal was filed with this Court. Appellant's notice of appeal states, "Now Comes the plaintiff by and through counsel of record and filings with this Notice of Appeal from the judgement herein to the 5th Circuit Court of Appeals, Dallas County, Texas." Such notice of appeal was signed by appellant, who is representing himself in this appeal. Attached to the notice of appeal is an "Order of Dismissal for Want of Prosecution" dated June 16, 2003.

In a letter dated September 2, 2003, the Court instructed appellant to amend his notice of appeal to "state the date of the judgment or order appealed from." Additionally, the Court informed appellant that the notice of appeal appears to be untimely filed 64 days after June 16, 2003, the date the order of dismissal was signed. Appellant was instructed to file a jurisdictional brief explaining the Court's "legal basis for jurisdiction over an appeal wherein the notice of appeal was filed more than 60 days after the order on appeal was signed." Additionally, appellant was instructed to file a certified copy of any motion filed that would extend the time to file notice of appeal and was directed to file a docketing statement. The Court's letter warned appellant that failure to file any of the requested items would result in the dismissal of his appeal, without further notice from the Court.

On September 5, 2003, appellant filed a jurisdictional brief. However, his brief has no discussion of the timeliness issue of appellant's notice of appeal, and no motions extending the time to file the notice of appeal were attached. Appellant did file an August 26, 2003 docketing statement, in which he stated that no motions extending the time for appeal were filed. In his docketing statement, appellant listed two orders, the dismissal for want of prosecution signed on June 16, 2003 and an order regarding lack of jurisdiction signed on August 20, 2003. Appellant attached a copy of the August 20, 2003 order regarding lack of jurisdiction to his docketing statement, and stated "The plaintiff affirms Appeal from aforementioned Judgments with possible inclusion of parties and issues."

In a separate letter filed with the Court on September 15, 2003, appellant declined to file an amended notice of appeal. In his letter, appellant stated he "honors this request from the court but cannot fulfill that request as it would modify judgement and would create inaccuracies in the docketing statement that has already been submitted twice and will not be amended nor subjected to change." Because appellant has de-

clined to amend his notice of appeal, the Court deems the August 19, 2003 notice of appeal, with the attached dismissal order of June 16, 2003, as appellant's notice of appeal of the June 16, 2003 order. Appellant's notice of ordinary appeal was untimely filed 64 days after the dismissal order was signed. Accordingly, the Court is without jurisdiction to consider appellant's appeal of the June 16, 2003 order. *See* Tex.R.App. P. 26.1.

Accordingly, appellant's appeal of the June 16, 2003 order is **DISMISSED** for want of jurisdiction and want of prosecution. *See* Tex.R.App. P. 42.3(a), (c).