Affirmed and Memorandum Opinion filed February 3, 2005









Affirmed and Memorandum Opinion filed February 3, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00457-CV

_______________

 

MICHAEL GRAY, Appellant

 

V.

 

MARK
TAPPER, Appellee

________________________________________________________

 

On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 02‑41470

________________________________________________________

 

M EM O R A N D U
M   O P I N I O N

Appellant, Michael Gray, appeals from the denial of his bill
of review.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.

I.  Background








Appellant, Michael Gray, filed suit against his homeowners= association, Kirkwood South
Committee (the ACommittee@) and several individuals, including Mark Tapper.  Tapper failed to file an answer or make an
appearance, and the trial court entered a default judgment against him.  

Almost two years later, Tapper filed a bill of review,
contending that his failure to answer resulted from his mistaken belief that
the Committee had filed an answer on his behalf.  Tapper also brought to the trial court=s attention the fact that appellant=s attorney was not authorized to
practice law at the time he obtained the default judgment in appellant=s favor.  On April 17, 2003, the trial court granted a
summary judgment on Tapper=s bill of review and vacated the default judgment.  Appellant timely filed a notice of appeal
from the April 17th judgment, but that appeal was dismissed because appellant
failed to pay the filing fee.  

On June 26, 2003, the trial court granted Tapper=s motion for summary judgment on the
underlying lawsuit and rendered a final judgment that appellant take
nothing.  Appellant timely filed a motion
for new trial which was denied by operation of law.  Appellant did not file an appeal from the
June 26th final summary judgment.  On
December 19, 2003, appellant filed a bill of review attacking the validity of
the final summary judgment.  The trial
court denied the bill of review, and appellant now appeals that denial.

II.  Bill of Review








In his sole issue, appellant contends the trial court erred
in denying his bill of review.  A bill of
review is an equitable proceeding by a party to a former action who seeks to
set aside a judgment that is no longer appealable or subject to a motion for
new trial.  Baker v. Goldsmith,
582 S.W.2d 404, 406 (Tex. 1979).  A bill
of review complainant must prove three elements: (1) a meritorious claim or
defense; (2) that he was prevented from asserting by the fraud, accident, or
wrongful act of his opponent or by official mistake; and (3) the absence of
fault or negligence of the complainant.  Caldwell
v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998); Nichols v. Jack Eckerd Corp.,
908 S.W.2d 5, 8 (Tex. App.CHouston [1st Dist.] 1995, no writ).  

A.        Standard
of Review

In reviewing the grant or denial of a bill of review, we
indulge every presumption in favor of the court=s ruling.  Interaction Inc./State v.
State/Interaction, Inc., 17 S.W.3d 775, 778 (Tex. App.CAustin 2000, pet. denied).  We will not disturb that ruling unless the
trial court abused its discretion.  Id.  A trial court abuses its discretion if it has
acted in an unreasonable or arbitrary manner, or without reference to any
guiding rules or principles.  Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991).  Because the trial court did not file findings
of fact and conclusions of law, we will affirm the trial court=s judgment on any legal theory
supported by the evidence.  Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Lassiter v. Bliss, 559
S.W.2d 353, 358 (Tex. 1977).  

B.        Due
Diligence

In addition to proving the three bill of review elements, the
party seeking a bill of review must also prove that he exercised due diligence
in pursuing all adequate legal remedies or show good cause for failing to
exhaust those remedies.  Barnes, 975
S.W.2d at 537; Mowbray v. Avery, 76 S.W.3d 663, 682B83 n.28 (Tex. App.CCorpus Christi 2002, pet.
denied).  If legal remedies were
available but ignored, relief by bill of review is inappropriate.  Wembley Inv. Co. v. Herrera, 11 S.W.3d
924, 927 (Tex. 1999).    








In this case, the trial court signed a final summary judgment
order in favor of Tapper on June 26, 2003. 
However, appellant did not file an appeal from the final summary
judgment order.  Instead, appellant filed
a petition for bill of review on December 19, 2003, nearly six months after the
summary judgment order was signed.  Because
appellant failed to appeal from the summary judgment order, he was required to
show good cause for his failure to do so in order to be entitled to relief by a
bill of review.  See Caldwell, 975
S.W.2d at 537. 

Appellant contends that his failure to file a timely appeal
was caused by misinformation provided to him by the trial court clerk.  Appellant=s complaint that the clerk provided
him with misinformation falls within the category of an Aofficial mistake.@ 
A bill of review complainant who establishes Aofficial mistake@ is relieved of proving that his
failure to present a meritorious claim or defense was caused by the wrongful
conduct of the opposing party, the second element of the bill of review.  Transworld Fin. Servs. Corp. v. Briscoe,
722 S.W.2d 407, 408 (Tex. 1987).  An
official mistake occurs when a court official commits error in the discharge of
his official duties, and that error prevents the complainant from presenting
his defense in the former action or from challenging the judgment by
post-judgment actions or appeal.  Baker,
582 S.W.2d at 407; Mowbray, 76 S.W.3d at 683.    

The record in this case reflects that appellant filed a
timely appeal from the summary judgment signed on April 17, 2003, which granted
Tapper=s bill of review and set aside the
default judgment.  That appeal was
dismissed because appellant failed to pay the filing fee.  Appellant maintains that he decided not to
pay the filing fee, and allowed the appeal to be dismissed, because the trial
court clerk mistakenly informed appellant that a final hearing was set on
Tapper=s motion for final summary
judgment.  According to appellant, at the
time he received this information, the trial court had already granted Tapper=s motion for summary judgment.  Appellant contends that absent this
misinformation, he would not have permitted his appeal to be dismissed, and
therefore, would have had an adequate remedy by direct appeal.








Even if we were to agree that the clerk committed an official
mistake, appellant has failed to show that he is entitled to bill of review
relief.  The summary judgment of April
17, 2003 from which appellant filed an appeal was not a final, appealable
order.  See Mills v. Corvettes of
Houston, Inc., 144 S.W.3d 197, 199 (Tex. App.CHouston [14th Dist.] 2001, no pet.)
(holding that an order which grants a bill of review and voids a judgment in an
underlying lawsuit, but which does not dispose of the underlying lawsuit, is
not a final, appealable order). 
Therefore, the court of appeals would have lacked jurisdiction over that
appeal even if appellant had properly paid the filing fee.

Moreover, appellant has failed to demonstrate how the
dismissal of his appeal from the summary judgment of April 17, 2003 prevented
him from perfecting an appeal from the final summary judgment of June 26,
2003.  The record plainly reflects that
appellant had notice of the June 26th judgment because appellant timely filed a
motion for new trial.  Despite notice of
the final summary judgment, appellant did not appeal, but instead attacked the
judgment in a bill of review.

Appellant has not shown that he exercised due diligence in
pursuing his legal remedies by direct appeal. 
One with an available appeal who fails to pursue that remedy is not
entitled to seek relief by bill of review. 
Rizk v. Mayad, 603 S.W.2d 773, 775 (Tex. 1980); French v.
Brown, 424 S.W.2d 893, 895 (Tex. 1967). 
Accordingly, the trial court did not abuse its discretion in denying
appellant=s bill of review.[1]


III.  Motion for Sanctions








Tapper requests this court to sanction appellant for filing a
frivolous appeal.  See Tex. R. App. P. 45.  Under Rule 45, we may award just damages if
we objectively determine, after considering Athe record, briefs, and other papers
filed in the court of appeals,@ that an appeal is frivolous. 
Id.  In applying Rule 45,
we exercise prudence, caution and careful deliberation.  Smith v. Brown, 51 S.W.3d 376, 381
(Tex. App.CHouston [1st Dist.] 2001, pet.
denied).  We look at the record from the
advocate=s viewpoint and determine whether
there were reasonable grounds to believe the judgment should be reversed.  See Faddoul, Glasheen & Valles, P.C.
v. Oaxaca, 52 S.W.3d 209, 213 (Tex. App.CEl Paso 2001, no pet.).  After reviewing the record, we exercise our
discretion and decline Tapper=s motion for sanctions on appeal.  

We affirm the judgment of the trial court and deny Tapper=s motion for sanctions.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed February 3, 2005.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.

 

 











[1]  On appeal,
appellant raises the following arguments as to why his bill of review was
improperly denied: (1) the trial court lacked jurisdiction to hear Tapper’s
earlier bill of review because it was improperly filed under a different cause
number than the original default judgment, and therefore, did not reopen the
default judgment; and (2) summary judgment was prematurely granted in favor of
Tapper because the trial court did not allow adequate time for discovery.  These arguments fail to address whether
appellant has satisfied the prerequisites to be entitled to bill of review
relief.  Therefore, we need not address
these extraneous arguments.  However, we
do note that appellant’s suggestion that the trial court lacked jurisdiction to
hear Tapper’s bill of review because it was filed under a different cause
number is without merit.  Texas procedure
has long mandated that a petition for bill of review be a new lawsuit filed
under a different cause number than the case whose judgment petitioner is
attacking.  See Am. Gen. Fire and Gas
Co. v. Shattman, 761 S.W.2d 582, 585 (Tex. App.CFort Worth 1988, no writ) (citing Baker, 582
S.W.2d at 406).