Opinion issued April 27, 2006







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-01121-CV
____________

GERALD KING, Appellant

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL
DIVISION, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 22675




MEMORANDUM OPINION
          The trial court dismissed appellant Gerald King’s suit as frivolous on July 29,
2005. The clerk’s record


 contains no postjudgment motions and no request for
findings of fact or conclusions of law. King did not file his notice of appeal of the
dismissal order until November 30, 2005. The Court requested the Clerk of the Court
to notify King that unless he filed a response explaining how the Court had
jurisdiction of his appeal, it was subject to dismissal. King has filed his response.
          In his response, King asserts that the trial court record should reflect a motion
to reinstate filed in the trial court on August 26, 2005; that we have jurisdiction
pursuant to Texas Rule of Appellate Procedure 26.1(a)(3). The clerk’s record
contains no such motion to reinstate. Even if there were such a motion in the record,
it would only extend the time for filing the notice of appeal to 90 days from the date
of the signing of the dismissal order. Tex. R. App. P. 26.1(a)(3). In this case, that
would have made the notice of appeal due October 27, 2005. King’s notice of appeal,
filed November 30, 2005, would still have been 34 days late.
          King next asserts that the Court has jurisdiction of the appeal as a restricted
appeal under Texas Rule of Appellate Procedure 26.1(c). A restricted appeal is
available only if (1) appellant files the notice of appeal within six months of the
judgment, (2) was a party to the underlying suit, (3) did not participate in the
dismissal hearing, and (4) shows error apparent on the face of the record. Gold v.
Gold, 145 S.W.3d 212, 213 (Tex. 2004). In his response, King did not even mention
an error apparent on the face of the record.
          Next, King asserts Texas Rule of Civil Procedure 306a operates to give the
Court jurisdiction over the appeal. To establish the application of this rule, a party
must prove in the trial court the date on which the party or his attorney first either
received notice of the judgment or acquired actual knowledge of the signing and that 
this date was more than 20 days after the judgment. Tex. R. Civ. P. 306a(4). In his
response, King has not established that he has complied with Texas Rule of Civil
Procedure 306a(4).
          Without making an argument, King cites Texas Constitution Article 1, section
13. Presumably, King is referencing the part of that provision that provides that for
every injury done to a person, that person shall have remedy by due course of law.
Tex. Const. Art. I, § 13. In his response, King has not shown how his late filing of
a notice of appeal has deprived him of a remedy by due course of law for an injury,
if any, done him.
          Finally, again without argument, King cites American General Fire and
Casualty v. Schattman, 761 S.W.2d 582 (Tex. App.—Fort Worth 1988, no writ). 
Without argument, King has not shown us how this case demonstrates we have
jurisdiction under the facts of this case.
          We conclude King has not demonstrated that this Court has jurisdiction over
the appeal, and, accordingly, we dismiss it.
 
PER CURIAM
Panel consists of Justices Nuchia, Hanks, and Bland.