Dismissed and Memorandum Opinion filed May 11, 2006









Dismissed and Memorandum Opinion filed May 11, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00241-CV

____________

 

GERALD KING,
Appellant

 

V.

 

BASF
CORPORATION, Appellee

 



 

On Appeal from the
23rd District Court

Brazoria
County, Texas

Trial Court Cause No.
33822

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from an order granting
appellee=s motion for
summary judgment signed November 25, 2005. 
Appellant=s pro se notice of appeal was filed with
the clerk for the Court of Appeals for the First District of Texas on February
23, 2006, and filed with the Brazoria County District Clerk on March 8, 2006.  When a notice of appeal is mistakenly filed
with the appellate court, it is deemed to have been filed with the trial court
clerk on the same day.  Tex. R. App. P. 25.1(a).  Thus, we deem appellant=s notice of appeal
filed on February 23, 2006.








The notice of appeal must be filed within
ninety days after the judgment is signed when appellant has filed a timely
motion for new trial, motion to modify the judgment, motion to reinstate under
Texas Rule of Civil Procedure 165a, or request for findings of fact and
conclusions of law.  Tex. R. App. P. 26.1(a).  If no timely post-judgment pleading listed
above is filed, the notice of appeal must be filed within thirty days after the
date the judgment is signed.  Tex. R. App. P. 26.1.

Because our record indicates appellant=s notice of appeal
was not filed timely, on April 7, 2006, notification was transmitted to all
parties of the court=s intention to dismiss the appeal for want
of jurisdiction.  See Tex. R. App. P. 42.3(a).  Appellant filed a response, in which he
asserts that he filed a motion to reinstate under Rule 165a alleging his suit
was improperly dismissed.  He asserts
that his motion was timely filed on December 12, 2005, although the motion in
our record is file stamped by the District Clerk on January 18, 2006.








We first note that Rule 165a is
inapplicable here because appellant=s suit was not
dismissed for want of prosecution, but instead, a summary judgment was granted
on the ground that his personal injury cause of action was barred by the
two-year statute of limitations. 
Nevertheless, any timely filed post-judgment motion that seeks a
substantive change in an existing judgment qualifies as a motion to modify and
extends the appellate timetable.  Lane
Bank Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 314 (Tex.
2000).  Appellant=s motion was not
timely filed, however.  Appellant=s motion was filed
fifty-four days after the judgment.[1]  In the absence of a timely post-judgment
motion, appellant=s notice of appeal was due thirty days
after judgment.  See Tex. R. App. P. 26.1.  Appellant=s notice of
appeal, filed ninety days after judgment, is untimely.

Alternatively, appellant asserts that his
notice of appeal is timely to perfect a restricted appeal.  See Tex.
R. App. P. 26.1(c).  A restricted
appeal is available only if appellant (1) files a notice of appeal within six
months of judgment, (2) was a party to the underlying suit, (3) did not
participate in the trial, and (4) shows error apparent on the face of the
record.  Gold v. Gold,145 S.W.3d
212, 213 (Tex. 2004).  We first note that
appellant=s notice of appeal did not comply with the
requirements for a restricted appeal.  See
Tex. R. App. P. 25.1(d)(7).  Furthermore, appellant has not satisfied the
elements entitling him to a restricted appeal. 
In the context of a summary judgment, filing a response to the summary judgment
constitutes participation at trial.  Lake
v. McCoy, 2006 WL 696706, *1 (Tex. App.CDallas) March 21,
2006, no pet.) (not yet released for publication); Stiver v. Tex.
Instruments, Inc., 615 S.W.2d 839, 842 (Tex. Civ. App.CHouston [1st
Dist.] 1981, writ ref=d n.r.e.). 
Appellant filed a response to the summary judgment motion; thus a
restricted appeal is precluded.  








Appellant has also cited, without
argument, to Texas Rule of Civil Procedure 306a and American General Fire
and Casualty Company v. Schattman, 761 S.W.2d 582 (Tex. App.CFort Worth 1988,
no writ) (holding that a motion to reinstate must be filed within 120 days
after judgment if notice of judgment was not received timely).  Appellant has not followed the procedures
required under Rule 306a to establish that he received notice of the judgment
more than twenty days after its entry.  See
Tex. R. Civ. P. 306a(5).  Thus, appellant has failed to establish that
this court has jurisdiction over his appeal.

A timely notice of appeal is essential to
vest this court with jurisdiction.  See
Raulston v. Progressive Ins. Co., 115 S.W.3d 803, 804 (Tex. App.CDallas 2003, no
pet.).  Because appellant=s notice of appeal
is untimely, we are without jurisdiction to consider this appeal.  Accordingly, the appeal is ordered
dismissed.  See Tex. R. App. P. 42.3(c).  

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed May 11, 2006.

Panel consists
of Chief Justice Hedges and Justices Yates and Guzman. 











[1]  We are aware that the Texas Supreme
Court has held that a pro se inmate=s claim under the Inmate Litigation Act is deemed filed at
the time the prison authorities duly receive the document to be mailed.  Warner v. Glass, 135 S.W.3d 681, 684
(Tex. 2004).  This interpretation of Afiled@ has also been applied in the
federal system to an inmate=s notice of appeal.  See
Fed. R. App. P. 4(c)(1);. but
see Wright v. T.D.C.J.-I.D.,137 S.W.3d 693, 695 (Tex. App.CHouston [1st Dist.] 2004, no pet.)
(noting Texas Rules of Appellate Procedure preclude application of federal
approach to notices of appeal of pro se prisoners).  This interpretation of Afiled@ has not been extended to a
post-judgment motion, however.  Such an
interpretation would contravene the rules governing finality of judgments.  A trial court loses plenary power over the
judgment if a timely post-judgment motion is not filed within thirty days after
the judgment is signed.  See Tex. R. Civ. P. 329b.  An order reinstating a cause must be in
writing and signed during the trial court=s period of plenary power. 
See Emerald Oaks Hotel/Conf. Ctr., Inc. v. Zardenetta, 776 S.W.2d
577, 578 (Tex. 1989);  In re Bokeloh,
21 S.W.3d 784, 792 (Tex. App.CHouston [14th Dist.] 2000, orig. proceeding) (holding order
reinstating case more than thirty days after dismissal is void).  To have a post-judgment motion received weeks
later be considered timely filed because it had earlier been handed to prison
mail officials would restore the trial court=s plenary jurisdiction beyond the time that the judgment
would have become final.  Moreover, it is unclear what proof is required to
establish timely delivery to prison authorities.  Appellant=s
certificate of service contains a statement that the motion was sent to the
district clerk and opposing counsel Aby
placing same in the Institution=s Internal mailing system, Postage Prepaid on this
12th day of December, 2005.@  For these reasons, in the absence
of further guidance from the Texas Supreme Court, we decline to extend the
application of Warner to these facts, and we need not determine whether appellant=s unverified statement would be sufficient to
demonstrate delivery.