NUMBERS 13-09-00638-CV 

 13-09-00639-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG


 


IN RE: WILLIE ALBERT DORSEY

 

 

On Petition for Writ of Mandamus

 

 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza

Memorandum Opinion Per Curiam (1)


 On November 23, 2009, relator, Willie Albert Dorsey, filed a pro se petition for writ
of mandamus, (2) seeking to compel respondent, the Honorable Nanette Hassette, presiding
judge of the 28th Judicial District Court of Nueces County, Texas, to rule on his "Motion for
Reinstatement of Funds Illegally Forfeited in Violation of Tex. Code Crim. Proc. art.
59.04(b) and Defendant's 5th and 14th Amendment Rights." For the foregoing reason, we
deny Dorsey's petition on the merits.

 According to documents included in the appendix, Dorsey was convicted for the
offense of possession of a controlled substance and sentenced to fifteen years'
confinement. Before his conviction, the State brought a civil forfeiture action against
Dorsey's car and $7,888.00 found inside the trunk of the car. See Tex. Code Crim. Proc.
Ann. art. 59.02 (Vernon Supp. 2009). Dorsey contends that at a March 28, 2007 hearing
on the State's civil forfeiture action, his counsel and the State entered into an agreed
judgment to forfeit the $7,888.00. Dorsey further contends that he did not receive notice
of either the forfeiture proceeding or the agreed judgment. Id. art. 59.04 (Vernon Supp.
2009). On September 28, 2007, Dorsey filed his "motion for reinstatement of funds," which
asserted that the money was forfeited without adequate notice. 

 Article 59.02(h)(4) provides that the "exclusive remedy for failure by the attorney
representing the state to provide the notice required under [Subdivison (2) and article
59.04] is submission of that failure as a ground for new trial in a motion for new trial or bill
of review." Id. art. 59.02(h)(4) (Vernon Supp. 2009). Six months after the agreed judgment
was entered, Dorsey filed his motion in the same cause number as the civil forfeiture
proceeding. The trial court could have construed Dorsey's motion as a motion for new trial
under article 59.02(h)(4) of the code of criminal procedure because the motion was filed
in the same cause number as the forfeiture proceeding. See e.g., American Gen. Fire &
Cas. Co. v. Schattman, 761 S.W.2d 582, 585 (Tex. App.-Fort Worth 1988, no writ)
(providing that a bill of review proceeding is a separate suit, generally filed under a different
cause number in the same court, with service on all parties affected by the original
judgment). Additionally, the trial court could have considered Dorsey's motion for new trial
as untimely. See Tex. R. App. P. 329b(a) (providing that a motion for new trial must be filed
within thirty days after the judgment is signed), 329b(f) ("On expiration of the time within
which the trial court has plenary power, a judgment cannot be set aside by the trial court
except by bill of review for sufficient cause, filed within the time allowed by law."). An
untimely motion for new trial "is a nullity for purposes of preserving issues for appellate
review." Moritz v. Preiss, 121 S.W.3d 715, 720 (Tex. 2003). Therefore, the trial court is
under no obligation to grant or deny Dorsey's "motion for reinstatement of funds." Id.

 We are of the opinion that the petition lacks merit. Accordingly, the petition for writ
of mandamus is DENIED. (3) See Tex. R. App. P. 52.8(a).

 Per Curiam

 

 

Delivered and filed

the 14th day of December, 2009.
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not
required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. We note that Dorsey has not provided this Court with proof of service of his petition on all parties. 
See Tex. R. App. P. 9.5(d) ("A document presented for filing must contain a proof of service in the form of
either an acknowledgment of service by the person served or a certificate of service."); see also id. Rule 52.7
("Relator and any party who files materials for inclusion in the record must--at the same time--serve each
party."). Rather than striking Dorsey's petition, see generally, id. Rule 38.9, the Court, in its sole discretion,
directs the Clerk of this Court to forward a copy of the petition and appendix to the respondent and the real
party in interest, the Honorable Carlos Valdez, District Attorney of the 105th Judicial District of Texas.
3. All pending motions are dismissed as moot.