

**NUMBERS 13-09-00638-CV**
**13-09-00639-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

### IN RE: WILLIE ALBERT DORSEY

---

### On Petition for Writ of Mandamus

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion Per Curiam[1]**

On November 23, 2009, relator, Willie Albert Dorsey, filed a pro se petition for writ

of mandamus,[2] seeking to compel respondent, the Honorable Nanette Hassette, presiding

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] We note that Dorsey has not provided this Court with proof of service of his petition on all parties. *See* TEX. R. APP. P. 9.5(d) ("A document presented for filing must contain a proof of service in the form of either an acknowledgment of service by the person served or a certificate of service."); *see also id.* RULE 52.7 ("Relator and any party who files materials for inclusion in the record must—at the same time—serve each party."). Rather than striking Dorsey's petition, *see generally*, *id.* RULE 38.9, the Court, in its sole discretion,

judge of the 28th Judicial District Court of Nueces County, Texas, to rule on his "Motion for Reinstatement of Funds Illegally Forfeited in Violation of Tex. Code Crim. Proc. art. 59.04(b) and Defendant's 5th and 14th Amendment Rights." For the foregoing reason, we deny Dorsey's petition on the merits.

According to documents included in the appendix, Dorsey was convicted for the offense of possession of a controlled substance and sentenced to fifteen years' confinement. Before his conviction, the State brought a civil forfeiture action against Dorsey's car and $7,888.00 found inside the trunk of the car. *See* TEX. CODE CRIM. PROC. ANN. art. 59.02 (Vernon Supp. 2009). Dorsey contends that at a March 28, 2007 hearing on the State's civil forfeiture action, his counsel and the State entered into an agreed judgment to forfeit the $7,888.00. Dorsey further contends that he did not receive notice of either the forfeiture proceeding or the agreed judgment. *Id*. art. 59.04 (Vernon Supp. 2009). On September 28, 2007, Dorsey filed his "motion for reinstatement of funds," which asserted that the money was forfeited without adequate notice.

Article 59.02(h)(4) provides that the "exclusive remedy for failure by the attorney representing the state to provide the notice required under [Subdivison (2) and article 59.04] is submission of that failure as a ground for new trial in a motion for new trial or bill of review." *Id*. art. 59.02(h)(4) (Vernon Supp. 2009). Six months after the agreed judgment was entered, Dorsey filed his motion in the same cause number as the civil forfeiture proceeding. The trial court could have construed Dorsey's motion as a motion for new trial under article 59.02(h)(4) of the code of criminal procedure because the motion was filed

directs the Clerk of this Court to forward a copy of the petition and appendix to the respondent and the real party in interest, the Honorable Carlos Valdez, District Attorney of the 105th Judicial District of Texas.

in the same cause number as the forfeiture proceeding. *See e.g.*, *American Gen. Fire & Cas. Co. v. Schattman*, 761 S.W.2d 582, 585 (Tex. App.–Fort Worth 1988, no writ) (providing that a bill of review proceeding is a separate suit, generally filed under a different cause number in the same court, with service on all parties affected by the original judgment). Additionally, the trial court could have considered Dorsey's motion for new trial as untimely. *See* TEX. R. APP. P. 329b(a) (providing that a motion for new trial must be filed within thirty days after the judgment is signed), 329b(f) ("On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law."). An untimely motion for new trial "is a nullity for purposes of preserving issues for appellate review." *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). Therefore, the trial court is under no obligation to grant or deny Dorsey's "motion for reinstatement of funds." *Id.*

We are of the opinion that the petition lacks merit. Accordingly, the petition for writ of mandamus is DENIED.[3] *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed
the 14th day of December, 2009.

---

[3] All pending motions are dismissed as moot.

3